NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

RUBEN PENA, JR., *Appellant.*

Nos. 1 CA-CR 18-0742
1 CA-CR 18-0743
1 CA-CR 18-0748
(Consolidated)
FILED 9-5-2019

Appeal from the Superior Court in Maricopa County
Nos. CR2017-158090-001
CR2015-157001-001
CR2016-124977-001
The Honorable Dewain D. Fox, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jesse Finn Turner
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Diane M. Johnsen joined.

---

**C A T T A N I**, Judge:

¶1            Ruben Pena, Jr., appeals his conviction and sentence for aggravated criminal damage, as well as the resulting revocations of probation imposed for his earlier convictions of attempted stalking and possession of dangerous drugs.  Pena's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous.  Pena was given the opportunity to file a supplemental brief but did not do so.  Counsel asks this court to search the record for reversible error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  After reviewing the record, we affirm Pena's conviction and sentence, as well as the probation revocations and resulting sentences.

## FACTS AND PROCEDURAL BACKGROUND

¶2            In June 2016, Pena pleaded guilty to attempted stalking, hoax, and possession of dangerous drugs, all non-dangerous, non-repetitive class 4 felonies.  *See* Ariz. Rev. Stat. ("A.R.S.") §§ 13-2923, -2925 (2015), -3407.  The superior court sentenced him to a two-year prison term for hoax, to be followed by concurrent three-year periods of probation for attempted stalking and possession of dangerous drugs.  After his release from prison, Pena began his probation terms in September 2017.

¶3            Three months later, Pena was again arrested after damaging a religious statue at a Catholic church in Phoenix.  Pena was in the church before the first mass on a Sunday morning when the parish manager (who recognized Pena from prior interactions) asked him to leave.  Although Pena initially accompanied the parish manager out, he then went back into the building and swung his backpack at a display case containing a statue, smashing the case and damaging the statue.  The church ultimately paid over $1,800 to restore the statue and over $1,100 to replace the display case.

¶4 Pena was arrested and charged with aggravated criminal damage, a class 5 felony based on the amount of damage caused. *See* A.R.S. § 13-1604(A)(1) ("A person commits aggravated criminal damage by intentionally or recklessly without the express permission of the owner . . . [d]efacing, damaging or in any way changing the appearance of any building, structure, personal property or place used for worship or any religious purpose."), (B)(2)(a) (class 5 felony if the amount of damage is $1,500 or more but less than $10,000). Pena's probation officer then filed petitions to revoke in both probation cases based on the new criminal charge.

¶5 After a four-day trial, a jury found Pena guilty of aggravated criminal damage and further found during an aggravation phase that Pena had been on probation at the time of the offense. Based on the determination of guilt of the new offense, the superior court then found Pena to be in automatic violation of his probation in the prior cases. *See* A.R.S. § 13-901(C); Ariz. R. Crim. P. 27.8(e).

¶6 As to the aggravated criminal damage count, Pena admitted three prior felony convictions, and the superior court sentenced him as a category 3 repetitive offender to a presumptive term of 5 years' imprisonment, with credit for 297 days served. As to aggravated stalking, the court revoked probation and sentenced Pena to a mitigated term of 1 year in prison with 495 days' presentence incarceration credit. The court also revoked probation for possession of dangerous drugs and sentenced Pena to a mitigated term of 1 year in prison with 332 days' presentence incarceration credit. The court ordered that the 1-year sentences run concurrently with each other, but consecutively to Pena's sentence for the new offense.

¶7 Pena timely appealed in all three cases, and this court consolidated the appeals.

**DISCUSSION**

¶8 We have read and considered counsel's brief and have reviewed the records for reversible error. *See Leon*, 104 Ariz. at 300. We find none.

¶9 Pena was present and represented by counsel at all stages of the proceedings against him regarding the new offense and the probation revocations. The record reflects that the superior court afforded Pena all his constitutional and statutory rights, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. As

to the new offense, the court conducted appropriate pretrial hearings, and the evidence presented at trial was sufficient to support the jury's verdict. Similarly, the court conducted appropriate hearings in both probation cases, and the determination of guilt of a new offense was sufficient to trigger an automatic violation of previously imposed probation. *See* Ariz. R. Crim. P. 27.8(e). Pena's sentences all fall within the range prescribed by law, with sufficient credit given for presentence incarceration.

## CONCLUSION

**¶10** We affirm Pena's conviction and sentence for aggravated criminal damage, the revocation of Pena's probation for attempted stalking and the resulting sentence, and the revocation of Pena's probation for possession of dangerous drugs and the resulting sentence. After the filing of this decision, defense counsel's obligations pertaining to Pena's representation in this appeal will end after informing Pena of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Pena has 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA

4